## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF THE DISTRICT OF COLUMBIA

JACK W. WADE, JR.,                        )
NATIONAL TAX SERVICES, INC.,              )
                                          )
              Plaintiffs,                 )
                                          )
       v.                                 )          NO.1:10-cv-00065
                                          )
INTERNAL REVENUE SERVICE                  )
                                          )
              Defendant.                  )


## THE INTERNAL REVENUE SERVICE'S MOTION
## FOR EXTENSION OF TIME TO ANSWER
## OR OTHERWISE PLEAD

Defendant Internal Revenue Service moves the Court for additional time in which to file an answer or other pleading responsive to the complaint.  The Service's current deadline to file a response is **February 22, 2010.**  Specifically, the Service requests that it be given an additional 42 days in which to file its answer or other responsive pleading.  The grounds for the motion are set forth in the memorandum of points and authorities incorporated into this motion (*see* Mem. at ¶ 2); a proposed order granting the requested relief is attached.

On February 4, 2010, pursuant to L. Civ. R. 7(m), the Service's counsel consulted with plaintiffs' counsel, Mark S. Zaid, about this motion.  Mr. Ziad partially objects to the relief sought.

Oral argument is not requested.

Dated: February 17, 2010.

**MEMORANDUM OF POINTS & AUTHORITIES IN
SUPPORT OF THE INTERNAL REVENUE SERVICE'S
MOTION FOR EXTENSION OF TIME TO
ANSWER OR OTHERWISE PLEAD**

This is an action under the Freedom of Information Act, 5 U.S.C. § 552.

STATEMENT & DISCUSSION

1. Introduction and Deadlines. The United States Attorney was served with the complaint on January 22, 2010. The summons served in the instant action states that the answer must be filed no later than 30 days from the date of service. The 30 day period in this case has nearly run.

2. Other Relevant Facts. The Service is unable to respond to the complaint by February 22, 2010 because: (1) the Service needs time to investigate the facts relevant to the allegations made in the complaint, and (2) the Service's counsel needs time to conduct any additional investigation and meet with the Service to discuss its defense. Moreover, the investigatory process has been hampered because the offices of the Service and of its counsel were closed for several days from the afternoon of February 5, 2010 through February 11, 2010 due to a blizzard in the Washington, DC area. Counsel for the parties conferred about the instant motion on February 4, 2010, a day before the blizzard commenced. At that time, Mark Zaid, counsel for plaintiffs, partially objected to the Service's request for a 40-day extension of time. Specifically, Mr. Zaid consented to a 40-day extension if the Service was going to file a motion to dismiss, but objected to an extension if the Service was going to file an answer to the complaint. Attached as Exhibit 1 is the e-mail exchange showing counsels' conference.

3. Relief requested. The Service believes that an extension of time to 42 days after February 22, 2010 would be sufficient time to file an answer or other pleading responsive to the complaint.

2728871.1

4.  <u>The Court has discretion to grant this motion</u>.  This Court has the discretion to grant the Service's motion to extend the time in which to file a pleading responsive to the complaint.  *See e.g., Johnson v. Secretary, Health and Human* Svcs., 587 F. Supp. 1117 (D.D.C. 1984)(denying a motion by the federal government to extend the time within which to file a pleading responsive to the complaint).  *See also, Motzinger v. Flynt*, 119 F.R.D. 373, 375 (M.D.N.C. 1988)(where the court stated that motions for additional time within which to serve process made before the regulatory deadline has lapsed "will be more liberally granted than those made after the expiration.").  In *Johnson*, the court found that:  (1) the defendant, who had 60 days to file its answer, sought to unnecessarily delay the proceedings to determine plaintiff's disability benefits, and (2) the individual plaintiff was being harmed by the delay because his very subsistence was at issue.  Thus, the Court denied defendant's motion to enlarge its time to answer the complaint.

The facts in the instant action are distinguishable from *Johnson*.  The relief the Service seeks:  (1) will not unnecessarily or unreasonably delay the instant action; and (2) plaintiffs, which include an entity, would not be harmed by the extension of time.  As the *Motzinger* court noted, this Court may be more liberal in granting the Service's motion given that the current 30-day period has not expired.

5.  <u>Compliance with Local Rule 7(m)</u>.  Pursuant to L. Civ. R. 7(m), on February 4, 2010, counsel for the parties consulted about this motion.  *(See*, ¶ 2, *supra*, Ex. 1)

6.  <u>Summary</u>. The Court should exercise its discretion to grant the requested extension of time in the interest of justice.

/

/

2728871.1

CONCLUSION

The Service posits that the motion for extension of time to file an answer or other responsive pleading should to be granted.

Dated: February 17, 2010

Respectfully submitted,

*/s/ Carmen M. Banerjee*
CARMEN M. BANERJEE, D.C. Bar No. 497678
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Telephone: (202) 307-6423

Counsel for defendant
INTERNAL REVENUE SERVICE

Of Counsel:

CHANNING D. PHILLIPS
United States Attorney

2728871.1

<u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED that the foregoing MOTION FOR EXTENSION OF

TIME TO ANSWER OR OTHERWISE RESPOND and MEMORANDUM OF POINTS &

AUTHORITIES IN SUPPORT OF THE INTERNAL REVENUE SERVICE'S MOTION

FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND, and its

accompanying proposed Order, were caused to be served upon plaintiffs' counsel on

the 17th day of February, 2010, by e-mail to:


Mark S. Zaid
MARK S. ZAID, PC
1250 Connecticut Avenue, N.W.
Suite 200
Washington, DC 20036


_____ */s/ Carmen M. Banerjee*
CARMEN M. BANERJEE
_____